UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Continental Western Insurance
Company

          v.                              Civil No. 15-cv-006-JD
                                          Opinion No. 2016 DNH 043
Opechee Construction
Corporation, et al.


O R D E R

Continental Western Insurance Company ("Continental") brings a subrogation action against the general contractor, Opechee Construction Corporation, that built the Hampton Inn in Dover, New Hampshire, and two plumbing subcontractors, North American Plumbing & Heating, LLC and Linx Ltd ("Linx"). The claims arise from extensive water damage at the hotel caused by a pipe failure. Continental moves to compel Linx, the hotel's pipe flange supplier, to respond to its discovery requests. Linx objects.

In response to Linx's objection to the motion to compel, counsel for Continental filed a reply, which was a letter on firm stationary addressed to the undersigned judge. The letter was struck, because it did not comply with the requirements for format and service, see Local Rule 5.1 and Federal Rule of Civil Procedure 5(d)(1), and the requirement to seek leave to file a reply, see Local Rule 7.1(e)(2). See Order, document no. 60.

Continental then filed a motion for leave to reply, which did not include a certification of concurrence as required by Local Rule 7.1(c), and appended the same letter that had been struck previously.

The errors in the motion for leave to file a reply were noted on the docket and Continental was given an opportunity to correct the errors, but Continental did not correct the motion. Linx did not respond to the motion for leave to reply. Because the motion for leave to reply does not comply with Local Rule 7.1(c) and because the proposed reply is a nonconforming document that was struck previously, the motion for leave to reply is denied.

## I.   Standard of Review

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Whether discovery is "proportional to the needs of the case," depends on, among other things, "the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. If a party fails to respond to requests for production or interrogatories, the party seeking

discovery may move to compel production of the requested documents or answers to the interrogatories.  Fed. R. Civ. P. 37(a)(3)(B)(iii) & (iv).

The party seeking an order compelling discovery responses over the opponent's objection bears the initial burden of showing that the discovery requested is relevant.  Caouette v. OfficeMax, Inc., 352 F. Supp. 2d 134, 136 (D.N.H. 2005).  Once a showing of relevance has been made, the objecting party bears the burden of showing that a discovery request is improper. See, e.g., Gowan v. Mid Century Ins. Co., 309 F.R.D. 503, at 509 (D.S.D. Sept. 11, 2015); Collins v. Bledsoe, 2015 WL 5174021, at *2 (M.D. Pa. Sept. 2, 2015).

Background

Continental served a first set of interrogatories and first set of requests for production of documents on Linx on June 16, 2015.  Linx did not respond to Continental's discovery requests.

In September of 2015, the parties learned that Linx had become the subject of a receivership action in the Rhode Island Superior Court for Newport County ("the state court").  On October 5, 2015, the state court issued an order appointing a receiver over Linx.  That order provided that the "continuance of the prosecution . . . of any action" against Linx is "hereby restrained and enjoined."  Motion to Continue, exhibit 1,

3

document no. 56-1, at ¶ 14.  The order also allowed the receiver

to "take possession and charge of all of the said estate,

assets, effects, property and business" of Linx.  Id. at ¶ 3.

Linx represents that pursuant to the order, the receiver has

obtained possession of Linx's documents.

Counsel for Continental and Linx have had multiple

discussions concerning the status of Continental's discovery

requests.  During these discussions, Linx's counsel informed

Continental's counsel that the receivership was hindering Linx's

attempts to obtain the requested documents and information.

Further, Linx represents that its counsel has repeatedly sought

the receiver's assistance in providing responses to

Continental's discovery requests, but the receiver has refused

to cooperate until the state court rules on several pending

motions concerning the applicability of its stay order.  Linx

also represents that it is no longer in business and does not

have any employees to aid in discovery.

On January 8, 2016, Continental moved to compel Linx to

respond to its discovery requests.  Linx objected.

### Discussion

As a preliminary matter, this action is not stayed by the

state court's order in the receivership proceeding.  When Linx

filed a letter in this case, on October 20, 2015, notifying this

court of the receivership proceeding in Rhode Island, the court
issued an order explaining that a letter was not a proper means
to request a stay of this case.  The court ordered Linx to "file
a motion providing a detailed legal and factual basis for the
relief that is requested" by November 5, 2015.  Linx did not
respond to the order.

     To avoid any confusion, this case is not stayed in favor of
the receivership proceeding.  "[S]tate courts are completely
without power to restrain federal-court proceedings in in
personam actions."  Donovan v. City of Dallas, 377 U.S. 408, 413
(1964); see also Fragoso v. Lopez, 991 F.2d 878, 881 (1st Cir.
1993) (noting that it is a "bedrock" principle that "a state
court cannot enjoin federal proceedings"); Fleet Nat'l Bank v.
Marshall and Williams Company, 2002 WL 31752827, at *8 (R.I.
Super. 2002) (holding that the court's order appointing receiver
"was not, and indeed could not have been, meant to bar
[plaintiff] from continuing litigation in the federal district
court").  Therefore, this case will proceed under the schedule
established in the discovery order.

     In support of the motion to compel, Continental argues that
its discovery requests seek relevant information that is
"central" to liability in this action.  Linx does not dispute
the relevance of the information that Continental seeks but
instead objects based on Linx's current status.  Linx contends

that "[w]ithout assistance from the Receiver, who is in
possession of all relevant documents, Linx is unable to produce
the requested information and documents to the Plaintiff."
Objection, document no. 58, at 2.  Linx also argues that it "is
no longer operating and does not have any employees to provide
[the requested] information."  Id.

A.   Documents

A party is required to produce documents that are within
its "possession, custody, or control."  Fed. R. Civ. P.
34(a)(1)(A).  A party need not have physical possession of
documents to make them subject to discovery.  See Vazquez-
Fernandez v. Cambridge College, Inc., 269 F.R.D. 150, 164 n.10
(D.P.R. 2010).  Instead, documents are within a party's control
"when that party has the right, authority or ability to obtain
those documents upon demand."  Szulik v. State St. Bank & Tr.
Co., 2014 WL 3942934, at *1 (D. Mass. Aug. 11, 2014) (internal
quotation marks omitted).

Linx represents, and Continental does not dispute, that it
cannot respond to the discovery requests because the receiver
has possession of the relevant documents.  Linx further
represents, and Continental does not dispute, that its counsel
has asked the receiver on several occasions to provide the
requested discovery, but the receiver will not or cannot produce

6

the documents to Linx.  Moreover, it does not appear that Linx

or Continental has undertaken any legal process in this action

that would require the receiver to provide them access to the

documents.  Based on the information presented for purposes of

this motion to compel, the receiver, and not Linx, has

possession and control of the relevant documents.  Therefore,

Linx cannot be compelled to produce documents it does not have.

    B.  <u>Employees</u>

Additionally, Linx represents that the information required

to provide responses to Continental's interrogatories also

resides with third parties, Linx's former employees.  Although

Rule 33 does require the responding party to make reasonable

efforts to obtain the requested information, that duty does not

extend to employees no longer under its control.  See <u>Am.</u>

<u>Intern. Specialty Lines Ins. Co. v. NWI-I, Inc.,</u> 240 F.R.D. 401,

413-14 (N.D. Ill. 2007) (denying motion to compel party

responding to interrogatory to interview third parties, which

included former employees not within defendants' control).[1]

Moreover, given the parties' relative access to the requested

information and their respective resources, it would not be

---

[1] <u>See also</u> Steven S. Gensler, <u>Federal Rules of Civil</u>
<u>Procedure, Rules and Commentary</u> Rule 33 ("[T]he responding party
does not have an obligation to obtain information known by third
persons not under the party's control.").

7

"proportional to the needs of the case" to require Linx, who is
in receivership, to interview its former employees for the
purpose of providing answers to Continental's interrogatories.
See Fed. R. Civ. P. 26(b)(1).  Therefore, Linx cannot be
compelled to provide information that must be obtained from
former employees.

### Conclusion

For the foregoing reasons, Continental's motion to compel
(doc. no. 57) is denied.  Continental's motion for leave to
reply (doc. no. 61) is also denied.

SO ORDERED.


Joseph A. DiClerico, Jr.
United States District Judge

March 2, 2016

cc:   John E. Brady, Esq.
      Christie Burnett, Esq.
      Doreen F. Connor, Esq.
      Adam R. Mordecai, Esq.
      Thomas Paolini, Esq.
      Matthew F. Renna, Esq.
      Matthew D. Sweet, Esq.
      Thomas J. Underwood, Jr., Esq.
      James G. Walker, Esq.


Courtesy Copies:  Honorable Brian J. Stern
                  Richard J. Land, Esq.