UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Continental Western Insurance
Company

    v.                              Civil No. 15-cv-006-JD
                                       Opinion NO. 2016 DNH 088
Opechee Construction
Corporation, et al.

O R D E R

Continental Western Insurance Company ("Continental")
brings a subrogation action against Opechee Construction
Corporation, the general contractor that built the Hampton Inn
in Dover, New Hampshire, and two plumbing subcontractors, North
American Plumbing & Heating, LLC and Linx Ltd.  The claims arise
from extensive water damage at the hotel caused by a pipe
failure.  Opechee moves to compel Linx, the hotel's pipe flange
supplier, to respond to its discovery requests.  Linx objects.

Standard of Review

"Parties may obtain discovery regarding any nonprivileged
matter that is relevant to any party's claim or defense and
proportional to the needs of the case."  Fed. R. Civ. P.
26(b)(1).  Whether discovery is "proportional to the needs of
the case," depends on, among other things, "the parties'
relative access to relevant information, the parties' resources,

the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. If a party fails to respond to requests for production or interrogatories, the party seeking discovery may move to compel production of the requested documents or answers to the interrogatories. Fed. R. Civ. P. 37(a)(3)(B)(iii) & (iv).

The party seeking an order compelling discovery responses over the opponent's objection bears the initial burden of showing that the discovery requested is relevant. Caouette v. OfficeMax, Inc., 352 F. Supp. 2d 134, 136 (D.N.H. 2005). Once a showing of relevance has been made, the objecting party bears the burden of showing that a discovery request is improper. See, e.g., Gowan v. Mid Century Ins. Co., 309 F.R.D. 503, at 509 (D.S.D. Sept. 11, 2015); Collins v. Bledsoe, 2015 WL 5174021, at *2 (M.D. Pa. Sept. 2, 2015).

Background

Continental brought this lawsuit against Opechee, Linx, and North American Plumbing in January of 2015. About nine months later, the parties learned that Linx had become the subject of a receivership action in the Rhode Island Superior Court for Newport County ("the state court"). On October 5, 2015, the

2

state court issued an order appointing Richard J. Land as permanent receiver over Linx.  See Order Appointing Permanent Receiver, Doc. No. 56-1.  That order provided that the "continuance of the prosecution . . . of any action" against Linx is "hereby restrained and enjoined."  Id. at ¶ 14.  The order also allowed the receiver to "take possession and charge of all of the said estate, assets, effects, property and business" of Linx.  Id. at ¶ 3.  Linx has represented that pursuant to the order, the receiver has obtained possession of Linx's documents.

A.   Previous Order

Opechee's motion to compel raises issues similar to those that the court resolved in a previous motion to compel in this action.  See Doc. No. 57.  In that motion, the plaintiff, Continental, moved to compel Linx to respond to its requests for production and interrogatories.  In response, Linx asserted that it could not produce the requested discovery because the receiver, who possessed the relevant documents, would not assist it in responding to discovery.  See Doc. No. 58 at 2.  In addition, Linx represented that it was no longer operating and had no remaining employees to provide the requested information. Id.  Continental did not dispute either representation.

In an order dated March 2, 2016, this court denied
Continental's motion to compel based on Linx's objections.
Order Denying Motion to Continental's Motion to Compel
("Continental Order"), Doc. No. 64.  The court first clarified
that the state court's order did not stay this action.  Id. at
4-5.  The court then held that Linx could not be compelled to
produce the documents under Federal Rule of Civil Procedure 34,
which only requires parties to produced documents under their
"possession, custody, or control."  Id. at 6 (quoting Fed. R.
Civ. P. 34(a)(1)(A)).  As the court explained, based on the
information presented for purposes of Continental's motion to
compel, Linx did not have possession, custody, or control of the
requested documents because it was undisputed that those
documents were in the possession of the receiver and that Linx
had no right to access them.  Id. at 6-7 ("[D]ocuments are
within a party's control 'when that party has the right,
authority or ability to obtain those documents upon demand.'")
(quoting Szulik v. State St. Bank & Tr. Co., 2014 WL 3942934, at
*1 (D. Mass. Aug. 11, 2014)).

The court also held that Linx could not be compelled to
answer Continental's interrogatories, which required the
participation of its former employees, because Federal Rule of
Civil Procedure 33 does not require a party responding to

4

interrogatories to obtain information from persons not under its control.  Id. at 7-8.  In addition, the court concluded that, given the parties' respective positions, the information requested in the interrogatories was not "proportional to the needs of the case," and therefore outside the scope of discovery.  Id.

B.    Opechee Discovery Requests

Opechee served first sets of requests for production of documents and interrogatories (together, the "discovery requests") on Linx on January 20, 2016.  Linx did not respond to Opechee's discovery requests within the time required under the Federal Rules of Civil Procedure.  In a conference after that deadline lapsed, Linx's counsel informed Opechee's counsel that Linx could not respond to the discovery requests because the receiver, who possesses the relevant documents, would not participate in discovery unless the state court lifted the stay provision in its order.  Shortly thereafter, Opechee moved to compel Linx to respond to its discovery requests.  See Doc. No. 62.

Discussion

Opechee contends that the discovery requests seek documents that are relevant to central issues in this action.  Linx does

5

not dispute the requested discovery's relevance, but rather relies on and incorporates the arguments presented in its objection to Continental's motion to compel.[1]  As discussed in the prior order, those arguments are premised on Linx's representations that it does not possess and cannot obtain the requested discovery.  Continental Order, Doc. No. 64 at 5-6.

Opechee does not dispute Linx's representations.  In its reply, however, Opechee requests that the court reconsider the reasoning of its March 2 order denying Continental's motion to compel.  Opechee argues that Linx's lack of possession and control is not fatal to its motion to compel because the court can order Linx to provide the requested documents "through the receiver."  Opechee Reply, Doc. No. 69 at 3.  In support, Opechee asserts that "[t]he receiver for Linx should bear the same obligations to this Court and to the discovery process that Linx would have borne absent the state court receivership proceedings."  Id. at 3.

A receiver "does not, by virtue of his or her appointment, became a party to a pending action against the corporation or person for whose property the receiver is appointed, but is a stranger to the action until added or substituted by an order of

---

[1] Linx states that its objection is made "on a limited basis."  Doc. No. 63 at 1.  Linx, however, provides no further explanation concerning how its objection is limited.

the court wherein the action is pending." Wolff v. Cash 4 Titles, 351 F.3d 1348, 1355-56 (11th Cir. 2003) (quoting 65 Am. Jur. 2d Receivers 394)).[2]  Therefore, absent formal joinder, receivers are not a "proxy for the [receivership] defendant" and maintain "legal identities distinct from the entities whose assets they are charged with marshalling."  See id. at 1355-56 & n.19 (dismissing receiver's appeal for lack of standing where it failed to intervene as a party in the trial court proceedings).

The receiver has not moved to intervene in this action, and none of the parties has moved to formally join him.  Absent a court order approving such a motion, the receiver is a nonparty and must be treated accordingly.  Therefore, there is no basis for holding the receiver to the same discovery obligations that would be required of a party to this action.

Opechee cites several cases that invoke the principle that a receiver "stands in the shoes" of the entity in receivership and is bound by that entity's obligations.  See Reply, Doc. No. 69 at 3 (citing Javitch v. First Union Sec., Inc., 315 F.3d 619,

---

[2] See also, Order Appointing Permanent Receiver, Doc. No. 56-1, at ¶3 (granting receiver the power to "intervene or become a party in all suits, actions, or proceedings relating to said estate, assets, effects and property as may in the judgment of the Receiver be necessary or desirable for the protection, maintenance and preservation of the property and assets of said Defendants.")

625 (6th Cir. 2003); Stooksbury v. Ross, 2014 WL 1745665, at *2
(E.D. Tenn. Apr. 30, 2014); Carney v. Montes, 2014 WL 671263, at
*5 (D. Conn. Feb. 21, 2014)).  The cited cases, and the
principle on which they rely, concern the receiver's rights and
obligations relative to the receivership defendant's assets.
See Javitch, 315 F.3d at 622-23 (holding that receiver is bound
by receivership defendant's agreement to arbitrate claims to
recover assets); Stooksbury, 2014 WL 1745665, at *3 (declining
to require receiver to pay legal fees of receivership
defendant); Montes, 2014 WL 671263, at *5 (assessing whether
receiver had standing to recover alleged fraudulent transfers
and payments on behalf of entity in receivership).[3]  None of the
cases concern a receiver's obligation (or lack of obligation) to
participate in litigation brought against the entity in
receivership.[4]

---

[3] See also Receiver in the shoes of the entity in
receivership-Effect, 65 AMJUR RECEIVERS 116 ("While a receiver
takes the res of the receivership estate subject to all existing
liens, the rights of creditors remain as they were when the
receiver was appointed.").

[4] Opechee also relies on Montblanc-Simplo GMBH v. Colibri
Corporation, 692 F.Supp.2d 245 (E.D.N.Y. 2010).  In Montblanc-
Simplo, the court entered a default judgment against the
defendant, who was in receivership, as a discovery sanction for
its receiver's failure to produce discovery in response to the
magistrate judge's order compelling him to do so.  Id. at 248-
49.  Montblanc-Simplo is inapposite, however, because the
receiver (1) participated in the relevant discovery dispute and
(2) did not lodge an objection to the discovery requests based

Accordingly, the court declines to abandon the reasoning contained in its March 2 order.  As the court explained in that order, the Federal Rules of Civil Procedure do not require a party to obtain and produce information that it neither possesses nor controls.  Because Linx represents, and Opechee does not dispute, that it does not possess and cannot obtain the requested discovery, it does not have possession or control for the purposes of this motion to compel.  Therefore, Linx cannot be compelled to produce what it does not have.

Conclusion

For the foregoing reasons, Opechee's motion to compel (doc. no. 62) is denied.

Joseph A. DiClerico, Jr.<br>
United States District Judge

April 25, 2016
Cc:  John E. Brady, Esq.
     Christie Burnett, Esq.
     Doreen F. Connor, Esq.
     Adam R. Mordecai, Esq.
     Thomas Paolini, Esq.
     Matthew F. Renna, Esq.
     Matthew D. Sweet, Esq.
     Thomas J Underwood, Jr., Esq.
     James G. Walker, Esq.

---

on the defendant's possession, custody, and control of the requested discovery.  See Letter from Receiver's Counsel at 1, Montblanc-Simplo 1:07-cv-05422-KAM-RLM, Doc. No. 26.